## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Lucky, | No. CV-25-03030-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wartburg Watch, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Vacate Rescheduled Settlement Conference.  (Doc. 33.)  Federal Rule of Civil Procedure 16 provides guidelines for pretrial settlement conferences.  *See* Fed. R. Civ. P. 16(c)(2)(I), (P).  Rule 16 also instructs that a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard "considers the diligence of the party" seeking amendment to the pretrial schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In analyzing a party's diligence, a court may consider: (i) "the party's diligence in assisting the court in creating a workable Rule 16 order;" (ii) "whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the … scheduling conference;" and (iii) "whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply." *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018).  If the moving party fails to demonstrate diligence, the inquiry ends. *Johnson*, 975 F.2d at 609.

Plaintiff brings the motion at hand requesting that the Court vacate the already rescheduled April 21, 2026 virtual settlement conference because Defendants have allegedly failed to produce their insurance information as previously instructed by the Court. (Doc. 33 at 1-2.) Plaintiff requests that the vacated conference be rescheduled "not less than seven (7) days after Defendants produce the insurance documents" requested. (*Id.* at 3.) Notably, the previous settlement conference occurred over sixty-five (65) days ago, and Plaintiff had more than sufficient time to inform the Court—and Defendants—of Defendants' alleged noncompliance with a Court order. (*See* Doc. 30.) Waiting until days before a rescheduled settlement conference occurs to notify the Court of Defendants' alleged noncompliance and requesting the conference be rescheduled only when Defendants comply with Plaintiff's demand fails to demonstrate the diligence that the good cause standard requires. Plaintiff's request is therefore denied.

**IT IS ORDERED** that Plaintiff's Motion to Vacate Rescheduled Settlement Conference (Doc. 33) is DENIED.

**IT IS FURTHER ORDERED** that Defendants shall be prepared to discuss their alleged noncompliance with the Court's prior instruction to turn over insurance coverage information at the April 21, 2026 settlement conference.

Dated this 20th day of April, 2026.

Honorable Bruce G. Macdonald
United States Magistrate Judge

- 2 -