**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lawrence Lucky,

Plaintiff,

v.

Wartburg Watch, et al.,

Defendants.

No. CV-25-03030-PHX-DWL

**ORDER**

On June 5, 2026, the Court granted Defendant Darlene Parsons's motion to dismiss (Doc. 15), denied Defendant Todd Wilhelm's motion to dismiss (Doc. 11), and granted Plaintiff leave to file a first amended complaint ("FAC"). (Doc. 36.)

On June 26, 2026, Plaintiff filed the FAC. (Doc. 39.)

On July 31, 2026, Defendants Parsons and Wartburg Watch ("Moving Defendants") filed a motion to dismiss the FAC. (Doc. 44.) Later that day, Plaintiff's attorneys filed a motion to withdraw as counsel, asserting that Plaintiff had "discharged" them. (Doc. 45.) That motion was granted, such that Plaintiff now proceeds pro se.

On August 26, 2026, Plaintiff filed an oversized response brief opposing the motion to dismiss the FAC (Doc. 47) and a declaration in support of his opposition (Doc. 48) and also lodged a "redline comparison of first amended complaint against original complaint" (Doc. 49). The docket entry text indicates that the document will be "filed by Clerk if Motion or Stipulation for Leave to File or Amend is granted," but there is no pending motion of stipulation for leave to file an amended complaint. Rather, Plaintiff is belatedly

attempting to remedy a deficiency in his June 26, 2026 filing of the FAC that was pointed out in a footnote of Moving Defendants' motion. (Doc. 44 at 4 n.3; Doc. 47 at 3.) Thus, the Clerk is directed to file the document currently lodged at Doc. 49.

On September 10, 2026, Moving Defendants filed a reply. (Doc. 50.) Moving Defendants assert, inter alia, that the Court can grant their motion solely because Plaintiff's response exceeded the page limitation. (*Id.* at 2.)

On September 14, 2026, Plaintiff filed a belated motion to allow his response brief to exceed the page limitation (Doc. 51), filed a motion for leave to file a surreply (Doc. 52), lodged the proposed surreply (Doc. 53), and filed a "notice of non-service of Doc. 50 and motion to defer ruling on Doc. 44 pending completion of briefing; and motion for leave to file electronically" (Doc. 54).

On September 16, 2026, Moving Defendants filed a response opposing Plaintiff's motion for leave to file a surreply (Doc. 56) and a response opposing Plaintiff's motion to defer ruling on the motion to dismiss (but taking no position as to Plaintiff's motion for leave to file electronically) (Doc. 57).

The Court does not need to wait for full briefing on Plaintiff's belated motion to allow his response brief to exceed the page limitation. Plaintiff asserts that the oversight was "inadvertent" (Doc. 51 at 3) and Moving Defendants filed a reply without moving to strike the response and without requesting an expansion of their own page limitation. Although pro se litigants are expected to follow all applicable rules and Plaintiff is admonished to do so henceforth, the Court will allow the response to stand as filed.

As for the motion for leave to file a surreply, the Court "generally views motions for leave to file a surreply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). "Leave to file a sur-reply is discretionary but should only be granted where a valid reason for such additional briefing exists, such as the movant raises new arguments in its reply brief." *Allen v. Campbell*, 706 F. Supp. 3d 1047, 1056 (D. Idaho 2020) (cleaned up). The leniency afforded to pro se litigants "does *not* extend to permitting surreplies as a matter of course and the Court is not generally inclined to permit surreplies

absent an articulation of good cause why such leave should be granted." *Garcia*, 195 F. Supp. 3d at 1134.

Plaintiff identifies various "new matters" raised in Moving Defendants' reply (Doc. 52 at 1-2), but the Court agrees with Moving Defendants that "adding an entirely new declaration and then arguing that any attempt to address it constitutes 'matters that arise for the first time' in a reply" (Doc. 57 at 2) does not justify additional briefing. Thus, Plaintiff's motion for leave to file a surreply is denied.

Finally, as for the motion at Doc. 54, it is granted as to Plaintiff's request to allow electronic filing but denied as to Plaintiff's deferral request. That request is premised on Plaintiff's assertion that he was not properly served with Moving Defendants' reply brief because it was only provided via the CM/ECF system and he does not have electronic filing privileges. In response, Moving Defendants acknowledge that their counsel "inadvertently failed to serve Plaintiff with Doc. 50 because her certificate of service was not updated after Plaintiff's counsel withdrew." (Doc. 56 at 1.) This does not, however, justify any delay in resolving the pending motion to dismiss in due course. Moreover, Plaintiff's motion for leave to file a sur-reply makes clear that he had actual, timely notice of the contents of Moving Defendants' reply brief.

Accordingly,

**IT IS ORDERED** that:

1. The Clerk shall **file** the document currently lodged at Doc. 49.

2. Plaintiff's motion to allow his oversized response brief (Doc. 51) is **granted**.

3. Plaintiff's motion for leave to file a surreply (Doc. 52) is **denied**.

4. Plaintiff's motion (Doc. 54) is **granted in part**, in that Plaintiff is granted electronic filing privileges in this case only. The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents

to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

Dated this 16th day of September, 2026.

Dominic W. Lanza
United States District Judge