**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lawrence Lucky,<br>Plaintiff,<br>v.<br>Wartburg Watch, et al.,<br>Defendants. | No. CV-25-03030-PHX-DWL<br>**ORDER** |

In the original iteration of the complaint filed in August 2025, Plaintiff alleged that the Court possessed diversity jurisdiction because the amount in controversy exceeded $75,000 and the parties were completely diverse—specifically, the original complaint alleged that Plaintiff is a citizen of Missouri, that the one organizational defendant (the Wartburg Watch) is a citizen of North Carolina, and that all of the remaining individual defendants are citizens of either North Carolina or Arizona. (Doc. 1 ¶¶ 1-5, 9.) Afterward, several defendants moved to dismiss, but no party challenged the existence of diversity jurisdiction.

In a June 5, 2026 order, the Court dismissed one of the individual defendants (Darlene Parsons) for lack of personal jurisdiction and authorized Plaintiff to file an amended complaint in an attempt to cure the deficiency related to Parsons. (Doc. 36.) Plaintiff thereafter filed the First Amended Complaint ("FAC"). (Doc. 39.) Under Ninth Circuit law, the FAC "supersedes the original" complaint, which must be "treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

For unknown reasons, the FAC no longer alleges that the Wartburg Watch is a citizen of North Carolina and, indeed, does not provide any allegation as to the Wartburg Watch's citizenship. (*Compare* Doc. 1 ¶ 2 ["Upon information and belief, Defendant, The Wartburg Watch ('Wartburg Watch') is an unincorporated association that conducts an online presence and, more specifically a 'blog', from the State of North Carolina, has a principal place of business in the State of North Carolina, and is a citizen of the State of North Carolina."] *with* Doc. 39 ¶ 5 ["Defendant The Wartburg Watch is an unincorporated association with an online presence."].)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, the Court need not dismiss when a party omits a necessary jurisdiction-related allegation—instead, the Court may simply authorize the filing of an amendment or supplement. *See, e.g.*, 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Molnar v. Nat'l. Broad. Co.*, 231 F.2d 684, 686 (9th Cir. 1956) ("A complaint defective in allegation of diversity of citizenship can be amended to show the true state of facts . . . .").

Accordingly, **IT IS ORDERED** that by November 20, 2026, Plaintiff file a supplement to the FAC that alleges the Wartburg Watch's citizenship.

Dated this 16th day of November, 2026.

Dominic W. Lanza
United States District Judge